UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BADER AL-BABTAIN and**
**ABDULMOHSEN AL-BABTAIN,**

    Plaintiffs,

v.                                                 Case No.  8:06-cv-01973-T-30TGW

**HANI S. BANOUB,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Hani S. Banoub's Motion to Dismiss Complaint (Dkt. 8), and Plaintiff's response in opposition thereto (Dkt. 12). For the reasons stated below, this Court finds that Defendant's motion should be **DENIED**.

### Motion to Dismiss Standard

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989,

995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

Plaintiffs have filed a four count Complaint alleging Breach of Oral Contract (Count 1), Quantum Meruit (Count 2), Conversion (Count 3), and Fraud (Count 4) against Defendant, resulting from Defendant's alleged plan to defraud Plaintiffs out of $900,000.00 for the purchase of a yacht on behalf of the Plaintiffs. (Dkt. 1). Defendant has filed his Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to allege that they are proper parties in interest to bring this action.

In reviewing the Complaint, this Court disagrees with Defendant's Motion. Plaintiffs have alleged that the money came from them individually. (Dkt. 1, ¶¶ 11-13). While the court may look to attachments, in this case it is not dispositive because often money comes from a source other than that which seems apparent. For example, banks are capable of making many complex transactions and a transfer of funds that appears to be from the bank may, in fact, be from an account holder. This issue is more appropriately brought up on Summary Judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Hani S. Banoub's Motion to Dismiss Complaint (Dkt. 8) is **DENIED**.

2. Defendant Hani S. Banoub is hereby given **twenty (20) days** from the date of this Order in which to file a response to the Complaint.

DONE and ORDERED in Tampa, Florida on May 24, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2005\05-cv-1973.mot dis 8.wpd