UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BADER AL-BABTAIN and**
**ABDULMOHSEN AL-BABTAIN,**

    Plaintiffs,

v.                                      Case No.  8:06-cv-1973-T-30TGW

**HANI S. BANOUB,**

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. #71), Declaration of Abdulmohsen Al-Babtain in Support of Motion for Partial Summary Judgment (Dkt. #71-2), Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. #81), and Affidavit of Hani S. Banoub (Dkt. #86).  The Court, having considered the motion, response, memoranda, affidavits, exhibits, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be denied.

**Summary Judgment Standard.**

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in

its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

**Discussion**.

Plaintiffs, Bader Al-Babtain and Abdulmohsen Al-Babtain (together, the "Al-Babtains"), bring a four (4) count Complaint (Dkt. #1) against Defendant Hani Banoub ("Banoub") arising out of the purchase of a recreational yacht, on the following grounds: Count I - Breach of Oral Contract; Count II - Quantum Meruit; Count III - Conversion; and Count IV - Fraud. Plaintiffs' motion seeks partial summary judgment on Counts I, II and III only.

Upon a review of the affidavits and exhibits presented by both parties, it appears that there are at least two genuine issues of fact in dispute.

First, the parties dispute the identity of the parties to the oral contract at issue. Plaintiffs claim that they, in their individual capacities, entered into an oral contract with

Defendant for the purposes of purchasing a yacht in the United States. In support of such allegation, Plaintiffs offer the declaration of Abdulmohsen Al-Babtain ("Bo Al-Babtain") as well as emails showing that the title of the boat was to be in the name of "Buyer" Bader Barrak Al-Babtain.[1]

In opposition, Defendant claims that he entered into an oral contract to purchase a yacht with the business entity of M/S Bader Barrak Al-Babtain & Bros. Gen. Trading Co. (the "Trading Company"), a foreign company owned and operated by Plaintiffs. In support of such assertion, Defendant offers his own affidavit as well as wire transfers showing that the funds at issue were directly transferred to him from the Trading Company's bank account at the Commercial Bank of Kuwait.

Second, the parties dispute whether a novation of the oral contract was made after the transfer of the funds. Plaintiffs claim that the funds were transferred for the sole purpose of buying a yacht. Defendant claims that after the funds were transferred, Bader Al-Babtain advised Defendant not to purchase the yacht and retain the transferred funds as partial compensation for developing profitable business relationships for the Al-Babtains and Al-Babtain companies.[2]

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

---

[1] Dkt. #71-2, Exhibit "A".

[2] Dkt. #81.

There appears to be genuine issues for trial. Accordingly, Plaintiffs' motion for partial summary judgment is denied.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. #71) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-1973.pmsj 71.wpd